JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
E-Mail: joshua.sliker@jacksonlewis.com

*Attorneys for Defendant*
*Zoox, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TAMEKA PARKER, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> ZOOX, INC. <br><br> Defendant. | Case No. 2:25-cv-01898-RFB-NJK <br><br> **DEFENDANT ZOOX, INC.'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFF'S COMPLAINT** <br><br> **(FIRST REQUEST)** |

Defendant ZOOX, INC. ("Defendant" or "ZOOX") by and through its counsel, the law firm of Jackson Lewis P.C., hereby brings the instant Motion for an Extension of Time to File its Response to Plaintiff's Complaint, which is currently due on February 1, 2026. ECF No. 13 Defendant seeks an extension up to and including **February 20, 2026**. This is Defendant's first request for an extension of time to file its response to Plaintiff's Complaint. This Motion is based on the following Memorandum of Points and Authorities, all pleadings and documents on file with the Court, and any oral argument that the Court deems proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

On October 6, 2025, Plaintiff Tameka Parker filed an Application to Proceed in Forma Pauperis. On October 8, 2025, the Court granted Plaintiff's Application. On October 9, 2025, Plaintiff filed her Complaint. Plaintiff filed a signed copy of her Complaint on November 17, 2025. On December 2, 2025, the Court issued the Summons and ordered the U.S. Marshals Service to service it on Defendant. Service was effectuated on Defendant on January 12, 2026. ECF No. 13. As such, Defendant's response to the Complaint is currently due on February 1, 2026. As discussed

below, Defendant now moves for an extension of time to file its response to Plaintiff's Complaint to **February 20, 2026**.

Fed. R. Civ. P. 6(b)(1) provides that when an act must be done within a specified time, the Court "may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ." "Good cause" is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines."). Indeed, the "good cause" standard "primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). In general, an application for extension of time under Rule 6(b)(1)(A) will be granted in the absence of bad faith. *Ahanchion*, 624 F.3d at 1259 (quoting 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (3d ed. 2004)) (internal quotations omitted).

Here, Defendant now moves to extend the deadline to file its responsive pleading to February 20, 2026. Defendant's counsel will be traveling out of the country until February 8, 2026. In addition, Defendant's counsel is expected to be Elko, Nevada from February 9 to 13, 2026, for eight depositions. Further, it appears Plaintiff is party to an arbitration agreement that applies to the claims in this matter, but Defendant is working to confirm that is the case and gather the necessary information and supporting items to compel arbitration. Based on these circumstances, Defendant's counsel requires additional time to prepare Defendant's response to Plaintiff's Complaint, confer with Defendant regarding the same, and submit the response to the Court.

Based on the foregoing, Defendant submits that its request for an extension up to and including **February 20, 2026** is reasonable and that good cause exists for granting the same. *See, e.g., Lomax v. Hutchings*, No. 2:23-cv-01284-CDS-EJY, 2025 U.S. Dist. LEXIS 111282, at \*1 (D. Nev. June 6, 2025) (granting defendants' motion to extend deadline to file their motion for summary judgment where defendants' counsel had obligations in other matters that prevented him from

meeting the dispositive motion deadline); *Michaud v. Baker*, No. 3:17-cv-00718-MMD-CBC, 2019 U.S. Dist. LEXIS 53069, at *2 (D. Nev. Mar. 19, 2019) (citing *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D. Pa. 1962) (explaining that the "practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline). Defendant makes such request in good faith and not for the purpose of delay. Defendant also brings the instant motion before the deadline to respond has expired and thus within the requirements of FRCP 6(b)(1). *See Ahanchian*, 624 F.3d at 1259 (requests for extensions of time made before the applicable deadline has passed should generally be granted in the absence of bad faith or prejudice to adverse party).

/ / /

/ / /

/ / /

/ / /

/ / /

## **CONCLUSION**

Defendant respectfully requests this Court extend the deadline for Defendant to file its response to Plaintiff's Complaint from February 1, 2026 to February 20, 2026.

Dated this 30th day of January, 2026.

JACKSON LEWIS P.C.

*/s/ Joshua A. Sliker*
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
300 S. Fourth Street, Ste. 900
Ls Vegas, Nevada 89101

IT IS SO ORDERED.
Dated:  January 30, 2026
.
.

_____

Nancy J. Koppe
United States Magistrate Judge

*Attorneys for Defendant*
*Zoox, Inc.*