JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
E-Mail: joshua.sliker@jacksonlewis.com

*Attorneys for Defendant*
*Zoox, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TAMEKA PARKER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ZOOX, INC.<br><br>Defendant. | Case No. 2:25-cv-01898-RFB-NJK<br><br>**DEFENDANT ZOOX, INC.'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO PLAINTIFF'S COMPLAINT**<br><br>**(THIRD REQUEST)** |

Defendant ZOOX, INC. ("Defendant" or "ZOOX") by and through its counsel, the law firm of Jackson Lewis P.C., hereby brings the instant Motion for an Extension of Time to File its Response to Plaintiff's Complaint, which is currently due on February 27, 2026. ECF No. 21 Defendant seeks an extension up to and including **March 13, 2026**. This is Defendant's third request for an extension of time to file its response to Plaintiff's Complaint. This Motion is based on the following Memorandum of Points and Authorities, all pleadings and documents on file with the Court, and any oral argument that the Court deems proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

On October 6, 2025, Plaintiff Tameka Parker filed an Application to Proceed in Forma Pauperis. On October 8, 2025, the Court granted Plaintiff's Application. On October 9, 2025, Plaintiff filed her Complaint. Plaintiff filed a signed copy of her Complaint on November 17, 2025. On December 2, 2025, the Court issued the Summons and ordered the U.S. Marshals Service to service it on Defendant. Service was effectuated on Defendant on January 12, 2026. ECF No. 13. As such, Defendant's response to the Complaint is currently due on February 1, 2026. On January

JACKSON LEWIS P.C.
LAS VEGAS

1

30, 2026, Defendant submitted a Motion to Extend the Time for Defendant to Respond to Plaintiff's Complaint to February 20, 2026 (ECF No. 18), which the Court granted the same day. ECF No. 21.

As discussed below, Defendant now moves for an additional extension of time to file its response to Plaintiff's Complaint to **March 13, 2026**.

Fed. R. Civ. P. 6(b)(1) provides that when an act must be done within a specified time, the Court "may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ." "Good cause" is not a rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines."). Indeed, the "good cause" standard "primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). In general, an application for extension of time under Rule 6(b)(1)(A) will be granted in the absence of bad faith. *Ahanchion*, 624 F.3d at 1259 (quoting 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (3d ed. 2004)) (internal quotations omitted).

Here, Defendant now moves to extend the deadline to file its responsive pleading to March 13, 2026. As indicated in Defendant's first motion for an extension, Defendant's counsel was traveling out of the country through February 8, 2026. Further, during the week of February 9th, Defendant's counsel assisted with the preparation for eight (8) depositions of both party and non-party witnesses in another case. Additionally, an associate will be joining the defense team, but has been out of the office since February 16, 2026, receiving in-patient care. Additionally, Defendant has confirmed that Plaintiff is party to an arbitration agreement that provides for arbitration of the claims and allegations set forth in Plaintiff's Complaint. Plaintiff performed work for Defendant through a relationship between Defendant and a third-party staffing firm. However, Defendant's counsel is investigating additional factual information that bears upon the enforceability of the arbitration agreement and needs additional time to do so. This includes conferring with the staffing

JACKSON LEWIS P.C.
LAS VEGAS

2

firm's representatives and counsel, conferring with Defendant's representatives, and conducting further research regarding the specific circumstances surrounding the arbitration agreement. Defendant is doing so out of an abundance of caution in order to preserve its ability to move to compel arbitration and not be held to have waived the right to do so. Defendant does not anticipate any further extensions will be necessary. However, because the information regarding the relevant information regarding the arbitration agreement is within the purview of a third-party, it is taking longer than anticipated to investigate and confirm the factual circumstances. Accordingly, Defendant's counsel requires an additional extension of time to complete preparing Defendant's response to Plaintiff's Complaint.

Based on the foregoing, Defendant submits that its request for an extension up to and including **March 13, 2026** is reasonable and that good cause exists for granting the same. *See, e.g., Lomax v. Hutchings*, No. 2:23-cv-01284-CDS-EJY, 2025 U.S. Dist. LEXIS 111282, at *1 (D. Nev. June 6, 2025) (granting defendants' motion to extend deadline to file their motion for summary judgment where defendants' counsel had obligations in other matters that prevented him from meeting the dispositive motion deadline); *Michaud v. Baker*, No. 3:17-cv-00718-MMD-CBC, 2019 U.S. Dist. LEXIS 53069, at *2 (D. Nev. Mar. 19, 2019) (citing *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D. Pa. 1962) (explaining that the "practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline). Defendant makes such request in good faith and not for the purpose of delay. Defendant also brings the instant motion before the deadline to respond has expired and thus within the requirements of FRCP 6(b)(1). *See Ahanchian*, 624 F.3d at 1259 (requests for extensions of time made before the applicable deadline has passed should generally be granted in the absence of bad faith or prejudice to adverse party).

## CONCLUSION

Defendant respectfully requests this Court extend the deadline for Defendant to file its response to Plaintiff's Complaint from February 27, 2026 to March 13, 2026. Defendant does not anticipate than further extensions will be necessary.

Dated this 27th day of February, 2026.

JACKSON LEWIS P.C.

*/s/ Joshua A. Sliker*
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Zoox, Inc.*

**ORDER**

**The Court is not inclined to extend this deadline further.**

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

**Date:** March 2, 2026